UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICKIE JO FROILAND, | § § § | |
| Appellant, | § § | |
| v. | § § | 1:18-CV-638-RP |
| | § | 17-10979-HCM |
| RANDOLPH OSHEROW, *Trustee for the Bankruptcy Estate of Nickie Jo Froiland*, | § § § | |
| Appellee. | § § § | |

## **ORDER**

Before the Court is Appellant Nickie Jo Froiland's Motion for Leave to File Interlocutory Appeal, (Dkt. 1-2). Froiland is a debtor in the case of *In re Froiland*, Ch. 7 Case No. 17-10979-HCM (Bankr. W.D. Tex.). She now seeks leave of this Court to file an interlocutory appeal of two orders issued by the Bankruptcy Court: an order denying Froiland's Motion to Dismiss Objection to Debtor's Homestead Exemption, *In re Froiland*, Bk. Dkt. 109; and the Bankruptcy Court's ruling on the record on July 10, 2018 denying Froiland's Motion to Strike and/or Dismiss Trustee's Objection to Debtor's Homestead Exemption, *In re Froiland*, Bk. Dkt. 122. Froiland's motion for leave is opposed by Randolph. Osherow, the Chapter 7 trustee for the bankruptcy estate of Nickie Jo Froiland ("Trustee").

Froiland's appeal concerns the application of a procedural rule. Froiland filed a schedule of exempt property listing only her home. (Mot. Leave, Dkt. 1-2, at 6). Under Federal Rule of Bankruptcy Procedure 4003(b)(1), a party in interest must file objections within 30 days of the meeting of creditors or the filing of an amended list or supplemental schedule of exemptions. An unsecured creditor, Smart-Fill Management Group, Inc. ("Smart-Fill") filed an untimely objection to

1

Froiland's schedule of exemptions; Trustee did not file an objection to the original schedule. (Mot. Leave, Dkt. 1-2, at 3–4).

Froiland then filed an amended schedule of exempt property. (*Id.* at 4). In that amended schedule, Froiland did not add or remove property from the schedule. (*Id.* at 6–7). Instead, she changed only her answer to the question, "Did you acquire the property covered by the exemption within 1,215 days before you filed this case?" from "No" to "Yes." (*Id.*). Smart-Fill and Trustee both filed objections to the amended schedule within 30 days. (*Id.* at 4). Froiland moved to strike those objections as untimely, (*id.*), but the Bankruptcy Judge denied Froiland's motions, (*id.* at 5).

Froiland's argument on appeal is that her second amended schedule did not open a new 30-day window for objections under Rule 4003(b)(1) because she did not amend her list of exempt property (both schedules list only her home) or file a supplemental schedule (because the second schedule is amended, not supplemental). (*Id.* at 9). The issue on appeal is therefore whether an amendment to the 1,215-day question on the exemption schedule constitutes an amendment to a list of exempt property under Rule 4003(b)(1).

District courts have jurisdiction to hear appeals from interlocutory orders issued by bankruptcy judges. 28 U.S.C. § 158(a). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Conner*, 258 F.3d 392, 399–400 (5th Cir. 2001). To determine whether to grant leave to appeal an interlocutory bankruptcy court order, courts within the Fifth Circuit have generally adopted the standard provided by 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders. *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Under that standard, leave should be granted only when: (1) a controlling issue of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. *Id.* (citation omitted). "Interlocutory appeals are reserved for exceptional cases that meet

[these] three statutory requirements." *Waste Mgmt. of Louisiana, L.L.C. v. Jefferson Par. ex rel. Jefferson Par. Council*, 594 F. App'x 820, 821 (5th Cir. 2014).

The parties agree that a decision in Froiland's favor would end the litigation. (Resp. Mot. Leave, Dkt. 2, at 4). However, Trustee argues that Froiland has failed to meet her burden to show that there is substantial ground for difference of opinion. The Court agrees.

Courts tend to find substantial ground for difference of opinion where "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006). Substantial ground for difference of opinion does not exist "[s]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent"; nor can it be created by "a party's claim that a district court has ruled incorrectly." *Id.*

Froiland has shown a substantial ground for difference of opinion. Froiland's motion contains no indication that the bankruptcy court ruled in a manner contrary to all district or appellate courts who have considered this issue, or that district courts are in dispute on this issue, or that the issue is a novel or difficult question of first impression. At most, Froiland's motion shows that she disagrees with the bankruptcy court's ruling and that the parties disagree about the issue. This showing is insufficient to justify the exceptional relief of permitting an interlocutory appeal.

For these reasons, **IT IS ORDERED** that Froiland's motion, (Dkt. 1-2), is **DENIED**.

**SIGNED** on September 17, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE